**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Lon Alter, | No. CV-17-01887-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Richard Alter seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied him disability insurance benefits and supplemental security income under §§ 216(i) and 223(d) of the Social Security Act. Defendant concedes that the administrative law judge's ("ALJ") decision is based on reversible legal error (Doc. 18), but the parties dispute whether the Court should remand for further administrative proceedings (Docs. 18, 19). The Court will vacate the Commissioner's decision and remand for further proceedings.

**I.  Background.**

Plaintiff is a 54 year old male who previously worked as an irrigation technician, irrigation sales installer, and counter sales person. A.R. 30. Plaintiff applied for disability insurance benefits and supplemental security income on February 22, 2013, alleging disability beginning on February 24, 2011. A.R. 20. On October 23, 2015, Plaintiff testified at a hearing before the ALJ. *Id.* A vocational expert also testified. *Id.*

On February 18, 2016, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. A.R. 20-32. This became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on April 21, 2017. A.R. 1-6.

**II.   Legal Standard.**

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Under a "rare exception" to this rule, the Court may remand for an immediate award of benefits after conducting a three-part inquiry. *Id.* The Ninth Circuit recently explained:

> The three-part analysis . . . is known as the "credit-as-true" rule. First, we ask whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Next, we determine whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. When these first two conditions are satisfied, we then credit the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability.

*Id.* (internal quotation marks and citations omitted). *Leon* emphasized that the Court has discretion to remand for further proceedings even if it reaches the third step in the process. *Id.* "Where an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* (quotation marks omitted).

**III.  The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). To establish disability, the claimant must show that (1) he is not currently working, (2) he has a severe

impairment, and (3) this impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") prevents his performance of any past relevant work. If the claimant meets his burden through step three, the Commissioner must find him disabled. If the inquiry proceeds to step four and the claimant shows that he is incapable of performing past relevant work, the Commissioner must show in the fifth step that the claimant is capable of other work suitable for his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2015, and has not engaged in substantial gainful activity since February 24, 2011. A.R. 22. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post microdiscectomy at L4-5; and left upper extremity epicondylosis. A.R. 23. The ALJ acknowledged that the record contained evidence of hyperlipidemia, hypertension, and depressive disorder, but found that these were not severe impairments. A.R. 23-24. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. A.R. 25. At step four, the ALJ found that Plaintiff had the RFC to perform less than the full range of light work, and was unable to perform any past relevant work. A.R. 25, 30. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed before the date last insured. A.R. 31.

**IV. Analysis.**

**A. Credit-as-True Rule.**

Applying the three-part credit-as-true test, the Court concludes that it must remand to the Commissioner for further proceedings. First, Defendant concedes that the ALJ made two reversible errors: (1) she erroneously discredited the medical opinion of treating physician Julian Grove, and (2) she erroneously discredited Plaintiff's symptom

testimony. Doc. 18 at 4.

Second, outstanding issues must be resolved before a disability determination can be made. For this second step, the parties focus their arguments on four issues.

Defendant first contends that Dr. Grove's opinions are internally inconsistent, requiring a remand for further review. Doc. 18 at 6-7. Defendant supports this argument with citations to the record that appear to reflect at least some inconsistent findings on the nature and severity of Plaintiff's physical impairments. *Id.* Plaintiff counters that narrow excerpts from Dr. Grove's treatment notes are insufficient to establish inconsistency in his assessment of Plaintiff's ability to work (Doc. 19 at 4), but Plaintiff cites no evidence in the record to show that Dr. Grove's notes, read as a whole, reflect a clear, consistent opinion regarding Plaintiff's condition. The Court finds that further administrative proceedings would be helpful to assess the weight of Dr. Grove's opinions.[1]

Defendant next contends that Dr. Grove's opinions conflict with that of other physicians, requiring remand to properly weigh the medical opinion evidence. Doc. 18 at 7. Defendant supports this argument with citations to the conflicting opinions of a non-examining physician and a medical expert. *Id.* Plaintiff counters that Dr. Grove's opinion is uncontested insofar as it is the only opinion that addressed the effect of Plaintiff's pain on his ability to work. Doc. 19 at 3. But both the non-examining physician and the medical expert specifically noted Plaintiff's pain when forming their opinions. A.R. 113, 593-94. Plaintiff further argues that these opinions are insufficient to require remand because they were based on an "incomplete view of the record" or formed without considering Plaintiff's symptom testimony. Doc. 19 at 5. But the medical expert indicated that he had reviewed sufficient data to render an opinion (A.R. 593), and the non-examining physician reviewed voluminous records (A.R. 101-17). Plaintiff articulates no specific argument regarding what records were missing and why that would require the Court to disregard the entire opinions. Nor does

---

[1] Plaintiff also emphasizes that Dr. Grove opined that Plaintiff's disability existed before the last insured date. Doc. 19 at 4. Because outstanding issues remain in the record, the Commissioner must decide on remand whether to credit this opinion.

- 4 -

Plaintiff cite any controlling authority for his broad proposition that conflicting opinions of non-examining physicians are insufficient as a matter of law to create a conflict. Doc. 19 at 5. The Court concludes that further administrative proceedings are required to weigh these conflicting medical opinions.[2]

Defendant contends that Plaintiff's own statements about his condition are internally inconsistent, requiring further administrative proceedings. Doc. 18 at 7-8. Defendant supports this argument with specific citations to the record. *Id.* Plaintiff neither responds to this argument nor offers his own evidence to establish the absence of outstanding issues regarding Plaintiff's symptom testimony. Doc. 19.

Defendant finally argues that Plaintiff's failure to follow prescribed medical treatment creates doubt as to whether he was actually disabled. Doc. 18 at 8. Specifically, Defendant emphasizes that Plaintiff declined to engage in a regimen of home exercise to improve his condition. *Id.* Plaintiff characterizes this as a "minor lapse," especially in light of his epidural steroid injections, spinal surgery, and prescription drugs. Doc. 19 at 6. The Court finds that this is a conflict in the record that warrants further review. Although Plaintiff apparently did not follow Dr. Grove's recommendation to develop a home exercise program, the probative value of this point is unclear in light of the more serious treatment he received.

For these reasons, the Court does not reach the third step and will remand to the Commissioner for further proceedings. This case does not present rare circumstances in which an immediate award of benefits might be appropriate.

**B.  Other Arguments.**

Plaintiff makes two additional arguments for the first time in his reply brief. Doc. 19 at 7-8. The Court will not consider arguments made for the first time in a reply brief. *See Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007).

---

[2] Plaintiff also appears to argue that the ALJ erred by relying on the opinions of non-examining physicians to discredit Dr. Grove's opinion. Doc. 19 at 5-6. Defendant concedes that the ALJ erred when she discredited Dr. Grove's opinion. Doc. 18 at 4.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this action.

Dated this 29th day of May, 2018.

_____
David G. Campbell
United States District Judge